# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELL PULLETT,<br><br>        Plaintiff,<br><br>    v.<br><br>A. CABRERA, et al.,<br><br>        Defendants. | CASE NO. 1:10-cv-02028 AWI GSA PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS<br><br>(ECF No. 1) |

**Screening Order**

**I.     Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Plaintiff's Claims**

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Corcoran State Prison, brings this civil rights action against defendant correctional officials employed by the CDCR at Kern Valley State Prison. The events that give rise to this lawsuit occurred while Plaintiff was housed at Kern Valley. Plaintiff names the following individual defendants: Supervising Nurse A. Cabrera; Chief Medical Officer F. Igbinosa; Health Care Appeals Chief J. Walker; Licensed Vocational Nurse Jones; Dr. Ashby, M.D.; Supervising Nurse Amshein.

Plaintiff alleges that on January 30, 2009, he "informed defendant Jones of the pain that he was suffering from in regards to his foot. Plaintiff had previously had surgery on his foot and the sutures were no longer able to hold the incision together." (Compl. ¶ 12.) Plaintiff alleges that Jones "failed to offer the viable medical care and treatment that plaintiff need, nor contacted anyone who would be able to provide the proper medical attention that plaintiff needed." ( Id., ¶ 13. )

Plaintiff alleges that, at some point, he was seen by Defendant Ashby. Ashby "gave plaintiff a rudimentary examination." Plaintiff alleges that Ashby "would not provide the treatment and care that plaintiff obviously needed." Plaintiff was directed to return to his housing unit," untreated and still in pain." (Id., ¶¶ 15, 16.)  Plaintiff filed an inmate grievance regarding the actions of Defendants Jones and Ashby. Defendants Cabrera, Igbinosa, Amshein and Walker each responded

to Plaintiff's grievance and each found "no wrongful actions."

Plaintiff alleges that he was denied adequate medical care such that if violated the Eighth Amendment's prohibition on cruel and unusual punishment. Plaintiff also claims that he was subjected to retaliation for filing an inmate grievance.

**A.    Medical Care**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know

would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Here, the Court finds the allegations to be vague. Plaintiff alleges that Jones and Ashby failed to provide Plaintiff the treatment that, in Plaintiff's view, he needed. Plaintiff does not allege any facts indicating that Jones or Ashby refused Plaintiff any treatment. Plaintiff must allege what specific dates he was seem by Defendants Jones and Ashby, what the examination involved, and what, if any, treatment or medication was prescribed. A general allegation that Plaintiff did not get the treatment he needed is insufficient to state a claim for relief.

Plaintiff need not, however, set forth legal arguments in support of his claims. In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff. Plaintiff has failed to do so here.

Regarding Defendants Cabrera, Igbinosa, Walker and Amshein, the only conduct charged to them is that they denied Plaintiff's inmate grievance. Actions in reviewing an inmate grievance alone are not sufficient to demonstrate liability under § 1983. "Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." Ellington v. Clark, 2010 WL 3001427, (E.D. Cal. July 29, 2010) citing George v. Smith, 507 F.3d 604, 609 (7th Cir. 2007). For a supervisory defendant to be liable, there must be either personal involvement or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Jeffers v. Gomez, 267 F.3d 895, 915 (9th Cir. 2001) (per curiam)(citing Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991)(en banc)).

**B.   Retaliation**

Plaintiff alleges that Defendant Ashby decided not to provide care and treatment to Plaintiff "due to plaintiff filing an inmate grievance against the medical staff at KVSP." "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his first amendment

4

1   rights, and  (5) the action did not reasonably advance a legitimate correctional goal." <u>Rhodes v.
2   Robinson</u>, 408 F.3d 559, 567 (9th Cir. 2005).  <u>See</u> <u>also</u> <u>Sorrano's Gasco, Inc. v. Morgan</u>, 874 F.2d
3   1310, 1314 (9th Cir. 1989)(explaining that a plaintiff must plead facts which suggest "that the
4   protected conduct was a 'substantial' or 'motivating' factor in the defendant's decision") (citation
5   omitted).

6       Plaintiff fails to state a claim for retaliation.  He has not provided any allegations that would
7   demonstrate that retaliation, rather than a professional medical decision, was Ashby's substantial or
8   motivating factor for making the medical decision that he or she did.   Moreover, an allegation of
9   retaliation is inconsistent with allegations Plaintiff made earlier in the complaint that he filed an
10  inmate grievance after Dr. Ashby refused the treatment that Plaintiff thought he needed.   Because
11  Plaintiff fails to include specific dates in his complaint, the Court is unable to determine whether
12  Plaintiff establishes a plausible  time line for retaliation.   The facts, as alleged, infer that Plaintiff
13  filed his grievance after the conduct at issue.  The retaliation claim should therefore be dismissed.

14  **III.    Conclusion and Order**

15      The Court has screened Plaintiff's complaint and finds that it does not state any claims upon
16  which relief may be granted under section 1983.  The Court will provide Plaintiff with the
17  opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.
18  <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not
19  change the nature of this suit by adding new, unrelated claims in his amended complaint. <u>George</u>,
20  507 F.3d at 607 (no "buckshot" complaints).

21      Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each
22  named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,
23  <u>Hydric</u>, 500 F.3d at 987-88.  Although accepted as true, the "[factual allegations must be [sufficient]
24  to raise a right to relief above the speculative level . . . ." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S.
25  544, 554 (2007) (citations omitted).

26      Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,
27  <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567
28  (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **October 26, 2012**                    **/s/ Gary S. Austin**
                                                 UNITED STATES MAGISTRATE JUDGE